## JOHN W. GRIGGS *vs.* JOHN FOOTE & trustee.

In raising the grade of streets, a city government act as public officers, and not as agents of the city; and their agreement as to the amount of damages to be paid to an owner of real estate injured by such change of grade does not of itself give to him an absolute right of action against the city to recover the same; but they may afterwards require him, as a condition of his receiving the money, to prove his title, to the satisfaction of the city solicitor, and to execute a discharge.

TRUSTEE PROCESS. In the superior court, the city of Boston, summoned as trustee, was discharged; and the plaintiff appealed to this court. The facts are stated in the opinion.

*G. Griggs*, for the plaintiff, cited *Fuller* v. *County Commissioners*, 15 Pick. 81 ; *Haven* v. *Lowell*, 5 Met. 35 ; *Hunneman* v. *Grafton*, 10 Met. 456 ; *Fellows* v. *Duncan*, 13 Met. 332 ; *White* v. *County Commissioners*, 2 Cush. 361 ; *Crockett* v. *Boston*, 5 Cush. 182.

*S. D. Parker*, for the trustee.

CHAPMAN, J. The burden is on the plaintiff to establish the liability of the supposed trustee, by a preponderance of proof. *Porter* v. *Stevens*, 9 Cush. 530. In determining the question of

Griggs v. Foote & trustee.

the liability, the whole of the answer must be taken together. By this it appears that the board of aldermen passed an order for widening and raising the grade of a portion of Tremont Street, and appointed a special committee, with authority to purchase buildings and estates on that portion of the street; to settle all grade and land damages; and, after the work should be finished, to sell the buildings and estates so purchased. It also authorized the city treasurer, under the direction of the committee on finance, to borrow money for the purpose. The order was passed April 9, 1860, and, after the common counci' had passed the same in concurrence, was approved by the mayor June 8. On the 18th of July the defendant Foote, with other claimants for damages, signed the following agreement:

" The undersigned, being severally owners of real estate abutting on Tremont Street, in the city of Boston, and affected by the change of grade of said street, which was established by an order of the board of aldermen of said city, passed on the thirteenth day of June A. D. 1860, do hereby agree with the said city of Boston to release all damages, and to indemnify said city against all damages caused to us, or lands and buildings, by reason of the said change of grade, for the sums here set against our names respectively. Boston, July 18, 1860. John Foote. $300."

The sum of $300, annexed to his name, was agreed upon as the amount of his damages; but no agreement was made as to the time, place or mode of payment. On the 3d of September the board of aldermen passed an order providing for the payment; and it was approved September 6. It is as follows:

" In Board of Aldermen, Sept. 3d 1860. Ordered, that there be paid to John Foote the sum of three hundred dollars, for damages to his estate on Tremont Street, occasioned by the change of grade thereof, upon proving his title to said estate, to the satisfaction of the city solicitor, and upon his giving to the city an acquittance and discharge for all damages, costs and expenses, in consequence of said grading, and that the same be charged to the appropriation for widening and grading Tremont Street. Approved, Sept. 6, 1860. F. W. Lincoln, Jr., Mayor."

Foote has not complied with the conditions of this order, and has done nothing towards compliance. In order to hold the city liable as his trustee, it must appear that he was entitled to recover the money without such compliance, and that upon the execution of the contract he had an absolute right of action against the city.

If, in proceedings of this character, the city government were to be regarded as the agents of the city, there could be little doubt that he would have such right. But in laying out or raising the grade of streets, they act, not as agents of the city, but as public officers. *Hafford* v. *New Bedford*, 16 Gray,   .
*Walcott* v. *Swampscott*, 1 Allen, 101. *Rossire* v. *Boston*, *ante*, 58. *Child* v. *Boston*, *ante*, 51.

Their authority is similar to that of county commissioners in the country. As such public officers, it is their duty to adopt all reasonable measures which may be proper for the security of all parties interested in their decisions and proceedings, and such conditions are implied in the dealings of parties with them. If, for example, after the agreement as to the amount of damages had been signed, the city government had, for reasons satisfactory to themselves, rescinded the order for raising the grade, before any change in the street had been made, the agreement of Foote with the committee would not have entitled him to recover the damages. Nor could it have been understood that, if the change was made, he was entitled to obtain his money by an action without taking any preliminary steps. The committee who made the contract with him had not the control of the city funds. Application for payment must be made to the treasurer; and, in order to obtain payment from him, proper vouchers were necessary. To entitle Foote to payment, it was reasonable and proper that his title to claim damages should be established, and the city solicitor would be the proper officer to investigate and determine that question. It would also be reasonable that Foote should give a discharge. And we think that, as public officers, the board of aldermen had a right to insert the conditions contained in their order of September 3, and that Foote was bound to take all reascnable

measures for complying with those conditions precedent to being entitled to call upon the treasurer for the money.

In *Shaw* v. *Charlestown*, 3 Allen, 538, the question here determined did not arise.                                        *Trustee discharged.*